UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK A. BIRGY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
    _____/

Case No. 1:16-CV-1111
Hon. Ray Kent

**OPINION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for Supplemental Security Income (SSI).

Plaintiff filed an application for SSI on February 7, 2014, alleging a disability onset date of April 1, 2013. PageID.38, 243. Plaintiff identified his disabling conditions as throat cancer stage III, bad back, anxiety and depression. PageID.247. Plaintiff, a high school graduate, had previous employment as a carpenter, framer, tree trimmer and oil change worker at a retail garage. PageID.248. An ALJ reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on June 29, 2016. PageID.38-47. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

**I. LEGAL STANDARD**

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C.

§405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe

2

impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since his SSI application date of February 7, 2014. PageID.40. At the second step, the ALJ found that plaintiff had severe impairments of emphysema, scoliosis, degenerative disc disease of the lumbar spine, retinopathy, depression, and general anxiety. PageID.40. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.41.

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except he can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently. He can stand and/or walk for six hours in an eight-hour workday and sit for eight hours in an eight-hour workday, with normal breaks. He can never climb ladders, ropes, or scaffolds, but can frequently climb ramps and stairs. He can frequently stoop, crouch, and crawl. He can tolerate occasional exposure to dusts, fumes, odors, gases, poor ventilation, and pulmonary irritants in the work setting. He can retain sufficient visual acuity to avoid normal workplace hazards, but should have no work at unprotected heights or in the vicinity of unprotected dangerous machinery. He can frequently, but not constantly, interact with coworkers, supervisors, and the public. He can perform simple tasks, defined as those that can be learned within thirty days. He can tolerate occasional decision-making and changes in the work setting.

PageID.42-43. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.46.

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled jobs at the light exertional level in the national economy. PageID.46-47. Specifically, the ALJ found that plaintiff could perform the requirements of light and unskilled occupations such as mail clerk (55,000 jobs nationwide) and marker (153,000 jobs nationwide). PageID.47.

Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, since February 7, 2014, the date the application for SSI was filed. PageID.47.

### III. DISCUSSION

Plaintiff set forth one issue with four sub-issues on appeal:

**The decision lacks substantial evidence to support a light residual functional capacity (RFC) resulting in the commissioner failing to meet its limited burden at step five that the claimant can make an adjustment to other work in the national economy.**

### A.  Substantial evidence fails to support the exertional portion of the RFC.

RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. § 416.945. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c). In evaluating a claimant's RFC, "the ALJ need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Delgado v. Commissioner of Social Sec.*, 30 Fed.Appx. 542, at 547-548 (6th Cir. 2002) (citations and quotation marks omitted).

Plaintiff contends that the ALJ's decision makes no mention of how she arrived at the conclusion that plaintiff had the RFC to perform a limited range of light work.[1] The Court disagrees. Under the regulations, "Light work involves lifting no more than 20 pounds at a time with

---

[1] Plaintiff contends that this is a critical finding because if given a sedentary RFC, plaintiff could "grid out" at age 50. Reply Brief (ECF No. 13, PageID.625).

frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). The ALJ's decision noted plaintiff's testimony that he "can carry twenty pounds for short distances, and can comfortably carry ten to fifteen pounds." PageID.43, 79-80. The ALJ's determination that plaintiff had the RFC to perform light work is supported by substantial evidence in the form of plaintiff's testimony. Accordingly, plaintiff's claim of error will be denied.

> **B.** **The only medical opinion of an ability to work is from the treating source, Thomas A. Minor, PA-C.**
>
> **C.** **The decision fails to articulate why only partial weight was given to the physician's assistant's medical source statement.**

Plaintiff points out that PA-C Minor completed a medical source statement on March 30, 2016, which was countersigned by the supervising physician. *See* PageID.579. In this one-page fill-in-the-blank statement, PA-C Minor stated that he first started treating the patient on September 22, 2014.[2] *Id*. Minor listed plaintiff's diagnoses as anxiety, hearing loss, history of tobacco use, COPD, and oral cancer. *Id*. Minor checked "yes" to the question "Did your patient experience any problems with shortness of breath on exertion?" *Id*. Minor also responded "yes" to follow-up questions regarding problems with wheezing, periods of frequent coughing, and "recurrent upper respiratory infections more than once per year." *Id*. In a section posing the question "sensitivity to," Minor circled "dust," "cold air", and "humid air." *Id*. Minor checked "moderate" in response to the question "[t]o what degree is your patient limited in ability to deal with ordinary work stress." In response to a question "Identify which psychological conditions affect your patient's symptoms and functional limitations," Minor checked "anxiety." *Id*. Finally, Minor responded to questions

---

[2] The Court notes that PA-C Minor first treated plaintiff about seven months after he applied for SSI.

regarding unscheduled breaks. Minor checked the "yes" box to the question, "Does Mr. Birgey [sic] need the option to take unscheduled breaks if placed in a competitive 8-hour work day?" PageID.579. In a follow-up question, "If yes, how often", Minor stated "every 2 hrs." *Id*. In a second follow-up question, "For how long," Minor stated "15 min." *Id*.

> The ALJ addressed this opinion as follows:
>
> In March 2016, the claimant's treating physician's assistant, Thomas A. Minor, PA-C, reported that the claimant was sensitive to dust, cold air, and humid air. He also reported that the claimant would need to take a fifteen minute unscheduled break every two hours during an eight-hour workday. Finally, he reported that the claimant was moderately limited in his ability to deal with ordinary work stress (21F/l). The undersigned gives partial weight to this opinion. The medical record of evidence does not support the need for unscheduled breaks. Further, there is no evidence to support limitations to dust, cold air, or humid air. Indeed, the medical evidence of record indicates normal respiratory examinations (16F/3). However, the record supports the opinion that the claimant would have a moderate ability to deal with ordinary stress. For example, his treating providers have frequently noted that his anxiety was aggravated by conflict or stress (3F/33; 16F/12). Accordingly, the undersigned has included a limitation to simple tasks and occasional decision-making and changes in the work setting.

PageID.45.

Plaintiff contends that the ALJ failed to articulate how she arrived at the conclusion that the PA-C Minor's opinion was entitled to only partial weight, specifically with respect to the need for unscheduled breaks. While PA-C Minor was not a treating physician, the medical source statement was signed by a supervising physician and will be considered as the opinion of a treating physician. A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30

(6th Cir. 1997). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). Under the regulations, a treating source's opinion on the nature and severity of a claimant's impairment must be given controlling weight if the Commissioner finds that: (1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record. *See Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375 (6th Cir. 2013); 20 C.F.R. § 416.927(c)(2). Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 416.927(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

PA-C Minor's cursory medical statement does not include any explanation or citation to medical records for the identified restrictions. "ALJs are not bound by conclusory statements of doctors, particularly where they appear on 'check-box forms' and are unsupported by explanations citing detailed objective criteria and documentation." *Laporte v. Commissioner of Social Security*, No. 1:15-cv-456, 2016 WL 5349072 at *7 (W.D. Mich. Sept. 26, 2016). *See Pelak v. Commissioner of Social Security*, No. 1:16-cv-198, 2016 WL 6694477 at *7 (W.D. Mich. Nov. 15, 2016) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best") (quoting *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993)). Here, the ALJ accepted some of the restrictions set forth in the statement, but rejected others due to lack of supporting

8

medical evidence. PageID.45. In this regard, the ALJ found that PA-C Minor's opinion that plaintiff would have a moderate ability to deal with ordinary stress was supported by records, i.e., "[plaintiff's] treating providers have frequently noted that his anxiety was aggravated by conflict or stress". PageID.45. Given that the opinion regarding plaintiff's need to take unscheduled breaks every two hours contained no explanation and was "weak evidence at best," the ALJ did not err in rejecting that opinion for lack of supporting medical evidence. Accordingly, plaintiff's claim of error will be denied.

>    D.    **The exertional portion of the RFC cannot be based upon interpreting raw medical data.**

Plaintiff contends that the ALJ's physical RFC is unsupported by the medical evidence, because "[t]he only medical opinion in the record indicates that Mr. Birgy is disabled and there is no articulation from the ALJ as to why that wasn't adopted in the physical portion of the RFC". Plaintiff's Brief (ECF No. 11, PageID.605). The Court disagrees. While "an ALJ may not substitute his own medical judgment for that of the treating physician where the opinion of the treating physician is supported by the medical evidence," *Simpson v. Commissioner of Social Security*, 344 Fed. Appx. 181, 194 (6th Cir. 2009) (internal quotation marks omitted), PA-C Minor's statement did not include an opinion regarding the amount of weight which plaintiff could lift and carry. PageID.579. As discussed, the ALJ could rely upon plaintiff's testimony that he can "carry twenty pounds for short distances, and can comfortably carry ten to fifteen pounds" to support the finding that plaintiff could perform the exertional requirements of light work.

Finally, plaintiff suggests that the ALJ improperly reached this determination based on interpreting "raw medical data." *See* Plaintiff's Brief at PageID.605 ("courts have stressed the

9

importance of medical opinions to support a claimant's RFC, and cautioned ALJs against relying on their own expertise in drawing RFC conclusions from raw medical data"). While plaintiff has raised an argument regarding the use of "raw medical data," he did not develop that argument. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones."). Accordingly, plaintiff's claim of error will be denied.

## IV. CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.


Dated:  September 15, 2017           /s/ Ray Kent
                                     RAY KENT
                                     United States Magistrate Judge